CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 24, 2013

LETTER TO COUNSEL:

      RE:    *Ramon Aponte v. Commissioner, Social Security Administration*;
              Civil No. SAG-11-2446

Dear Counsel:

      On August 31, 2011, the Plaintiff, Ramon Aponte, petitioned this Court to review the Social Security Administration's final decision to deny his claims for Supplemental Security Income and Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 18). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

      Mr. Aponte filed his claim on July 5, 2006, alleging disability beginning on April 1, 2006. (Tr. 163-74). His claim was denied initially on October 13, 2006, and on reconsideration on May 9, 2007. (Tr. 85-89, 91-94). Hearings were held in 2009 before an Administrative Law Judge ("ALJ"). (Tr. 28-57). Following the hearings, on January 8, 2010, the ALJ determined that Mr. Aponte was not disabled during the relevant time frame. (Tr. 17-24). The Appeals Council denied Mr. Aponte's request for review (Tr. 1-8), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Mr. Aponte suffered from the severe impairments of alleged back pain, history of asthma, possible colitis, depression, anxiety, and a personality disorder. (Tr. 19). Despite these impairments, the ALJ determined that Mr. Aponte retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is limited to occasional climbing and stooping; no exposure to concentrated irritants, pollutants, odors; and he is limited to simple, unskilled work.

(Tr. 21). Without considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Aponte was not disabled pursuant to Medical-Vocational Rule 202.16, because his non-exertional limitations have little or no effect on the occupational base of unskilled light work. (Tr. 23-24).

Mr. Aponte presents five arguments on appeal: (1) the ALJ did not provide a sufficient narrative discussion supporting his conclusions, (2) the ALJ failed to properly evaluate the opinions of the state agency physician, (3) the ALJ failed to evaluate the report of the consultative examiner, Dr. Miller, (4) the ALJ needed to provide a more detailed mental RFC, and (5) the ALJ erroneously relied on the Medical-Vocational Rules ("the Grids"). Although several of Mr. Aponte's arguments lack merit, I agree that the ALJ failed to adequately evaluate Dr. Miller's report and did not provide sufficient analysis of Mr. Aponte's "climbing" restriction to permit me to assess whether or not it has a significant effect on the occupational base of unskilled light work. For those reasons, remand is warranted. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Aponte is not entitled to benefits is correct or incorrect.

Mr. Aponte first makes a boilerplate argument, with no specific reference to the ALJ's opinion in his case, suggesting that the ALJ failed to provide a fully detailed narrative discussion of his RFC. Pl. Mot. 3-7. In fact, the ALJ provided a two-page written narrative on the RFC alone, in which he summarized Mr. Aponte's hearing testimony, made a credibility determination, summarized both the treatment records and the opinion evidence, and explained the specific provisions included in the RFC. (Tr. 21-23). Mr. Aponte's boilerplate argument is therefore inapplicable in this case.

Next, Mr. Aponte contends that the ALJ failed to evaluate the opinions of the State Agency physician, Dr. Dale. Mr. Aponte is correct that Dr. Dale checked multiple "moderate limitations" in Section I of his opinion, and that the ALJ did not include all of those limitations in his hypothetical. (Tr. 355-56). However, the relevant portion of the physician's opinions is not Section I, which sets forth a series of "check the box" rankings, but Section III, which provides a narrative functional capacity assessment. *See* Program Operations Manual System DI 24510.060B (Mental Residual Functional Capacity Assessment). Because Section I does not include the requisite level of detail to inform the ALJ's opinion, an ALJ need not address each of the Section I limitations. *See, e.g., Andrews v. Astrue*, Civil No. SKG–09–3061, slip op. at *39 (D. Md. Oct. 25, 2011) (noting that "even if the ALJ had not explicitly addressed each of the mental function limitations appearing on Section I of the mental RFCA, he was not required to do so."). Moreover, the ALJ adequately addressed the limitations found in Dr. Dale's Section III RFC. The ALJ limited Mr. Aponte to simple work (Tr. 21), which is consistent with Dr. Dale's suggestion that Mr. Aponte's "residual functional capacity does appear compatible with at least one step task related functions equated with competitive employment." (Tr. 357). The ALJ therefore properly evaluated Dr. Dale's opinion.

Mr. Aponte also contends that the ALJ failed to provide a "more detailed" assessment of his capacity to perform the mental demands of work while assessing his RFC. Pl. Mot. 13-15. Mr. Aponte's argument consists entirely of boilerplate, with the exception of an unexplained transcript citation on page 15 to Dr. Dale's Mental Residual Functional Capacity (MRFC) form indicating that Mr. Aponte has several areas of moderate limitation. (Tr. 355-56). Mr. Aponte

provides no analysis of how a "more detailed" assessment of that form, or of any other evidence, might have resulted in a different outcome.

Mr. Aponte argues more successfully that the ALJ failed to consider appropriately the report of consultative examiner Dr. Miller. Pl. Mot. 8-9. While it is clear from the ALJ's opinion that he reviewed and considered Dr. Miller's report, (Tr. 20), the ALJ did not address Dr. Miller's specific findings regarding Mr. Aponte's limitations, nor did he address the "inconsistencies" in Dr. Miller's examination report found by Dr. Dale. (Tr. 353). While Dr. Dale's assessment may have provided a reason for the ALJ to discount Dr. Miller's evaluation, I cannot speculate as to the ALJ's reasoning. Because he failed to fulfill his duty of explanation with respect to his evaluation of Dr. Miller's report, and the other mental health treatment notes of record, remand is warranted for a clearer analysis of the mental health records.

Mr. Aponte's final contention is that the ALJ erred by relying upon the Medical-Vocational Guidelines, rather than obtaining VE testimony. As a general matter, the Fourth Circuit has ruled that where a claimant "demonstrates the presence of nonexertional impairments," the Commissioner must use expert vocational testimony, rather than relying on the Medical-Vocational Guidelines. *Grant v. Schweiker,* 699 F.2d 189, 192 (4th Cir. 1983). However, over time the broad language of *Grant v. Schweiker* has been read somewhat more narrowly. As set forth by this Court in *Mackall v. Astrue:*

> [t]he mere presence of nonexertional impairments does not, *per se,* preclude application of the Medical-Vocational Guidelines, as nonexertional limitations rise to the level of nonexertional impairments and preclude the use of the Guidelines only when the limitations are significant enough to prevent a wide range of gainful activity at the designated level. Not every non-exertional impairment precludes reliance on the grids.

No. 1:08–cv–03312–PWG, 2010 WL 3895345, at *1 (D. Md. Sept. 30, 2010) (citations omitted). Here, there was substantial evidence from which the ALJ could properly find that most of Mr. Aponte's RFC limitations were not "significant enough to prevent a wide range of gainful employment" in unskilled work at the light level. *Mackall,* 2010 WL 3895345, at *1. Mr. Aponte's environmental limitations, barring only exposure to "concentrated irritants, pollutants, odors," do not significantly erode the occupational base. *See* SSR 85-15, 1985 WL 56857, at*8. The restriction to simple, unskilled work similarly does not significantly erode the base, since unskilled work is inherently included in the Medical-Vocational Guidelines. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(b) (stating that the recommendation of a "not disabled" decision in the Medical-Vocational Guidelines establishes the existence of unskilled jobs that meet the criteria in a specific rule); 20 C.F.R. § 416.968(a) (noting that unskilled jobs require "simple duties"). A limitation to occasional stooping also does not have a material effect on the base. *See* SSR 85-15, at *7 ("If a person can stoop occasionally (from very little up to one-third of the time) in order to lift objects, the sedentary and light occupational base is virtually intact."). The problem is the final restriction, occasional climbing. The ALJ does not specify whether "climbing" refers to walking on stairs or to climbing rarer implements such as ladders, ropes, or

scaffolds. Either way, SSR 85-15 provides that "limitations in climbing and balancing can have varying effects on the occupational base, depending on the degree of limitation and the type of job . . . Where a person has some limitation in climbing and balancing and it is the only limitation, it would not ordinarily have a significant impact on the broad world of work. . . . Where the effects of a person's actual limitations of climbing and balancing on the occupational base are difficult to determine, the services of a [VE] may be necessary." Because light work may involve "a good deal of walking or standing," 20 C.F.R. § 404.1567(b), further explanation of the climbing restriction is required. As a result, I cannot assess whether reliance on the Medical-Vocational Guidelines was proper, or whether VE testimony was necessary to establish whether Mr. Aponte was capable of light work with the assigned non-exertional limitations.

For the reasons set forth herein, Mr. Aponte's motion for summary judgment (ECF No. 14) and Defendant's motion for summary judgment (ECF No. 18) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                              Sincerely yours,

                              /s/

                              Stephanie A. Gallagher
                              United States Magistrate Judge